STEWART *v.* METROPOLITAN LIFE INSURANCE
· COMPANY.

No. 10442. AUGUST 7, 1935.

*James C. Howard Jr.,* for plaintiff.

*Crenshaw & Hansell, Warren Cox* and *John Boman,* for defendant.

RUSSELL, Chief Justice. James Stewart filed a petition against Metropolitan Life Insurance Company, alleging: Plaintiff is occupying a described residence in the City of Atlanta as tenant of Mrs. F. M. Stewart as administratrix of the estate of F. M. Stewart. About December 1, 1927, F. M. Stewart executed to the Trust Company of Georgia a deed to said property as security for a loan, said deed authorizing "said party of the second part [Trust Co. of Ga.], "its agents or legal representatives, or the sheriff" of the county, to advertise and sell said property upon default in payment of the debt secured by the deed, with the right "to said party of the second part, its agents or legal representatives, to bid on and purchase said property." On or about December 1, 1927, the Trust Company of Georgia sold and transferred to Metropolitan Life Insurance Company said loan deed and title· to the land therein described and the indebtedness thereby secured. On May 22, 1934, the Metropolitan Life Insurance Company, after advertisement, sold said property and bid it in, and on June 4, 1934, swore out a dispossessory warrant against plaintiff. He prayed "that the defendant be temporarily and permanently restrained and enjoined from dispossessing your petitioner until such time as defendant has acquired legal title to the premises above described or petitioner has become the tenant of the defendant in the premises." The defendant moved to dismiss the petition, on the ground

that no cause of action was set out. The court sustained this motion and dismissed the petition, "because it sets out no cause of action, for the reason that the title of the Metropolitan Life Insurance Co., defendant, appears to be sufficient to authorize it to file the dispossessory proceeding." To this judgment the plaintiff excepted.

It is our opinion that the court erred in dismissing the petition. The petitioner is a tenant of the widow of the grantor in the security deed executed by her husband in his lifetime to the Trust Company of Georgia, and by that corporation transferred to the Metropolitan Life Insurance Company. The power of sale contained in this security deed is in the following words: "Whenever the debt secured hereby . . shall become due and payable, . . said party of the second part, its agents or legal representatives, . . or the sheriff of the county in which the land is situate," is authorized to sell the property after due advertisement, etc. Though there are several persons named who may exercise the power conferred upon the grantee, the power does not run to an assignee of the Trust Company of Georgia. Such contracts are to be strictly construed (Code of 1933, § 37-607); for while this may not always be the case, the general conference of a power of sale involves personal trust and confidence. The grantor in the instrument now under consideration might have signed a power containing the word "assignee." If his necessities were great, he probably would have signed it, but there is no implication, in the conference of such a power, that the grantor intended to include an assignee; and we are dealing with the power which actually was conferred upon the grantee in this case, not what power might or could have been bestowed by the grantor. Confining ourselves to the power as written, the power could not be exercised by the Metropolitan Life Insurance Company as an assign. An assign is neither "the party of the second part, its agents or legal representatives, . . or the sheriff of the county in which the land is situate." If the judge had dismissed the petition upon the ground that the plaintiff had an adequate remedy at law, a very different question would have been presented. The plaintiff is excepting to a judgment which adjudicated that the title of the Metropolitan Life Insurance Company was sufficient to authorize it to file the

dispossessory proceedings; and under the principles stated above, this judgment was erroneous.

*Judgment reversed. All the Justices concur.*